## ROCKFORD REPUBLIC FURNITURE CO. v. THOMAS J. WILLIAM CO.

(District Court, E. D. Pennsylvania. December 13, 1921.)

### No. 7978.

Pleading ⬤≈348—Affidavit of defense held sufficient against motion for judgment.

In suit for price of furniture sold at different times up to June 4, 1920, the complainant alleging some complaints by defendant as to goods which it had neverthless retained for an unreasonable time until December 8, 1920, an affidavit of defense, denying the correctness of the account and alleging that on its order for certain pieces of specified dimensions plaintiff sent other and unsuitable pieces, and that plaintiff's agent agreed such pieces did not comply with the order, but requested defendants to retain them until he could dispose of them to save reshipment, which they did until October, 1920, when they notified defendant, presented trial questions as against a motion for judgment.

At Law. Action by the Rockford Republic Furniture Company against the Thomas J. William Company. On rule for judgment for want of a sufficient affidavit of defense. Rule discharged.

Reber & Granger, of Philadelphia, Pa., for plaintiff.
Illoway & Felix, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff claims to recover the sum of $3,740.45 for furniture sold and delivered to the defendant at its special instance and request, and sets forth a copy of an alleged book account. The book entries show sales on a number of dates, beginning July 22, 1919, and terminating June 4, 1920. The statement sets forth credits of cash received in payment of all the sales prior to May 3, 1920. It is averred that all the merchandise was shipped and delivered to a common carrier at Rockford, Ill., addressed to the defendant at Philadelphia, in care of a warehouse company, and that it received and took possession of all the merchandise; that at some time, not stated, the defendant complained of the style and size of certain buffets contained in the shipments, but nevertheless retained all the merchandise in its possession for an unreasonable length of time, namely, until about December 6, 1920, when the defendant attempted to reship some of the furniture to the plaintiff, but the plaintiff refused to receive and still refuses to receive the same.

⬤≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The affidavit of defense denies the correctness of the book account, and denies that the prices charged therein are correct, just, or reasonable, or are the ordinary market prices or the prices the defendant agreed to pay. It admits various purchases from the plaintiff, upon which it received merchandise, and avers payment for all merchandise which it purchased, received, and accepted. This averment apparently refers to the payments for which credit is given in the statement of claim.

Leaving out of consideration the items covered by the credits, the affidavit of defense sets out that during September, October, and November, 1919, it advised the plaintiff's duly authorized agents and representatives in New York that it would be willing to purchase from them certain four-piece dining room sets, which sets were to contain walnut buffets, 60 inches long, containing mirror backs; that during the months of May and June, 1920, there were shipped by the plaintiff four-piece dining room sets, which, instead of containing buffets 60 inches long, contained buffets 54 inches long, without mirror backs, but with plain wooden backs; that immediately upon inspection of the dining room sets, during the latter part of June or the early part of July, 1920, the defendant advised the plaintiff's representative that the dining room sets were not what the plaintiff had purchased or agreed to purchase, and that the defendant would immediately return the merchandise; that after examination of the merchandise by the plaintiff's representatives, the latter agreed the merchandise was not what the defendant had agreed to purchase, and requested the defendant to retain it in order that they might dispose of it and save transportation charges; that, the plaintiff's agents not having disposed of the sets, the defendant, during October, 1920, notified the plaintiff and its representatives that it would hold the furniture no longer, and accordingly reshipped the sets to the plaintiff.

Neither the plaintiff nor the defendant state whether the orders for the furniture were oral or written. In either event, if the sets were not in accordance with the contract, the defendant was not obliged to retain them. If the duly authorized representatives of the plaintiff, upon notice, instructed the defendant to hold the furniture in order that it might dispose of it, no question of unreasonable delay arises for the determination of the court upon the pleadings, but it is a question to be determined at the trial, when the real facts are presented. The affidavit of defense is sufficient to prevent judgment upon the case set out in the statement of claim.

The rule is discharged.